U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 24 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY CLARK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-04911-M-BK |
| § | |
| CAROLYN COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Renée Harris Toliver made findings, conclusions and a recommendation in this case. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Plaintiff first contends that Judge Toliver's acknowledgment that he "sometimes" has impaired use of his right hand required that such limitation be considered in his ability to work. Plaintiff is correct that the ALJ must consider all medically determinable impairments of which he is aware, even those that are not "severe." Nevertheless, any failure by the ALJ in not discussing Plaintiff's impaired right hand was harmless error that did not affect his substantial rights. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (stating that "[p]rocedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected."). Specifically, given the minor nature of his right hand impairment, Plaintiff has not shown that, had the ALJ explicitly considered the impairment, he would have issued (1) a different residual functional capacity determination, including stricter

limitations on Plaintiff's functional abilities, (2) a different hypothetical question to the vocational expert, or (3) a different determination about Plaintiff's ability to work.

Plaintiff next contends that Judge Toliver should have reversed based on the ALJ's error at step four of the sequential analysis. As Judge Toliver noted, however, any error at step four is immaterial because the ALJ made an alternative finding at step five that Plaintiff could perform other work in the national economy. The ALJ's findings at step five are supported by substantial evidence for the reasons stated in Judge Toliver's recommendation.

Plaintiff's objections are overruled, and the Court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

SO ORDERED this 24 day of October, 2013.

UNITED STATES DISTRICT JUDGE